CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
5/20/2022
JULIA C. DUDLEY, CLERK
BY: s/ A. Little
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| PATRICK & SHIRLEY LATTIMORE, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 4:21cv00038 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SONAL & KAMLESH BRAHMBHATT, | ) | By:   Hon. Thomas T. Cullen |
| THE DHYANNI CORPORATION, | ) | United States District Judge |
| WYNDHAM HOTELS & RESORTS, | ) | |
| and BRANCH BANKING & TRUST / | ) | |
| TRUIST FINANCIAL, | ) | |
| | ) | |
| Defendants. | ) | |

This case arises out of the dissolution of an employment relationship and related tenancy alleged to be between Plaintiffs Patrick & Shirley Lattimore and Defendants Sonal & Kamlesh Brahmbhatt, the Dhyanni Corporation, Wyndham Hotels & Resorts ("Wyndham"), and Branch Banking & Trust/Truist Financial. Plaintiffs, who are proceeding *pro se*, have brought numerous claims against the defendants. The court construes their Third Amended Complaint to allege causes of action under the Fair Labor Standards Act, Title VII of the Civil Rights Act, the Fair Housing Act, and the Virginia Residential Landlord & Tenant Act, as well as potential state law torts and possibly a breach of contract action (referred to as a breach of "the duty of Fiduciary Responsibility, and duty of care," (Third Am. Compl. ¶ 21 [ECF No. 27])). This matter is before the court on Defendant Wyndham Hotels and Resorts's Motion for Summary Judgment (ECF No. 10). In its motion, Wyndham contends that it was never Plaintiffs' employer or landlord, that it had no legal or contractual relationship with Plaintiffs whatsoever, and that it was a "stranger" to Plaintiffs at all times. The matter has been fully

briefed by the parties. For the reasons stated herein, Wyndham's Motion for Summary Judgment will be granted.

## I.

In February 2020, Plaintiff Patrick Lattimore was hired as the general manager of The Super 8 Motel (now The Raceway Inn) in Martinsville, Virginia, and his wife, Plaintiff Shirley Bowden-Lattimore, was hired as its front desk clerk. (Third Am. Compl. ¶¶ 4–7.) Plaintiffs do not allege who hired them, only that they were hired by "Defendant." As a "condition" of their employment, Plaintiffs allege they were "required to reside on the property," and they were given an apartment at the hotel "with a fully functional kitchen and a spacious closet." (*Id.* ¶¶ 10–11.)

For unknown reasons (the Complaint does not say), their business relationship with their employer (who they do not identify outside of references to "Defendants") soured and, on April 30, 2021, Plaintiffs were notified that, "due to a change in ownership, their services would no longer be needed." (*Id.* ¶ 12.) They also claim that they were notified verbally and by text message that "they would have to immediately relocate from their hotel apartment suite . . . to a guestroom and storage room to allow for new owners to move into the apartment suite." (*Id.* ¶ 13.) They do not specify who relayed this information to them. On July 15, 2021, "[t]he defendant" notified Plaintiffs that they were being terminated. (*Id.* ¶ 15.)

After their termination, Plaintiffs allege that Defendants Sonal & Kamlesh Brahmbhatt—not Wyndham—"withheld compensation salary and bonus money due and payable to Plaintiffs . . . ." (*Id.* ¶ 16.) They also allege that Defendant Kamlesh Brahmbhatt "falsely accused Plaintiff Patrick Lattimore of Assault and Battery [and] falsely and maliciously

filed [a] Warrant for The Arrest of Plaintiff Patrick Lattimore" the day before their termination. (*Id.* ¶ 17.)

As it concerns Wyndham, Plaintiffs allege that it was in a franchise agreement with Sonal & Kamlesh Brahmbhatt, and that Wyndham failed to exercise sufficient oversight of the Brahmbhatts per the terms of the franchise agreement. (*See id.* ¶ 30.) Notably, Plaintiffs do not allege any contractual relationship between themselves and Wyndham. They further allege that Wyndham did not provide Patrick Lattimore with any training during his time as general manager. (*Id.* ¶ 31.) And they allege that Wyndham failed to conduct a virtual or physical inspection of the property. (*Id.* ¶ 32.) They conclude by saying that these actions "constitute blatant acts of Discrimination based on Race and Age." (*Id.* ¶ 35.)

Following several iterations of their complaint in state court, Defendants removed the case to this court and, on February 1, 2022, Wyndham filed the present motion for summary judgment. Shortly thereafter, Plaintiffs sought leave to file a third amended complaint. (*See* ECF No. 19.) The court granted leave and accepted the third amended complaint but, because the allegations against Wyndham in the third amended complaint were identical to those in the prior operative complaint, the court held that the motion for summary judgment would be directed toward the allegations in the third amended complaint.[1] *See, e.g., Buechler v. Your Wine & Spirit Shoppe, Inc.*, 846 F. Supp. 406, 414–15 (D. Md. 2012) (noting that an amended complaint does not necessarily moot a previously filed, and still pending, motion for summary

---

[1] Because the arguments were adequately set forth in the pleadings, the court finds it unnecessary to hold oral argument on the motion.

judgment "because such a motion is not directed at the adequacy of a complaint's allegations but is instead focused on the merits of the substantive claim").

## II.

Under Rule 56(a), the court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Glynn v. EDO Corp.*, 710 F.3d 209, 213 (4th Cir. 2013). When making this determination, the court should consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . [any] affidavits" filed by the parties. *Celotex*, 477 U.S. at 322. Whether a fact is material depends on the relevant substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* (citation omitted). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets that burden, the nonmoving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

In determining whether a genuine issue of material fact exists, the court views the facts and draws all reasonable inferences in the light most favorable to the nonmoving party. *Glynn*, 710 F.3d at 213 (citing *Bonds v. Leavitt*, 629 F.3d 369, 380 (4th Cir. 2011)). Indeed, "'[i]t is an 'axiom that in ruling on a motion for summary judgment, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *McAirlaids, Inc. v.*

- 4 -

*Kimberly-Clark Corp.*, 756 F.3d 307, 310 (4th Cir. 2014) (internal alteration omitted) (quoting *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (per curiam)). Moreover, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson*, 477 U.S. at 255. The nonmoving party must, however, "set forth specific facts that go beyond the 'mere existence of a scintilla of evidence.'" *Glynn*, 710 F.3d at 213 (quoting *Anderson*, 477 U.S. at 252). The nonmoving party must show that "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. "In other words, to grant summary judgment the [c]ourt must determine that no reasonable jury could find for the nonmoving party on the evidence before it." *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990) (citing *Anderson*, 477 U.S. at 248). Even when facts are not in dispute, the court cannot grant summary judgment unless there is "no genuine issue as to the inferences to be drawn from" those facts. *World-Wide Rights Ltd. P'ship v. Combe, Inc.*, 955 F.2d 242, 244 (4th Cir. 1992).

### III.

Wyndham contends that it was never Plaintiffs' employer, was a stranger to Plaintiff, and that its relationship, if at all, was as the parent company of Super 8 Worldwide, Inc. ("SWI"), the entity with which the Brahmbhatts (as the owners of Dutt Hotel, Inc.) entered into a franchise agreement for the Martinsville location. In support of their argument, Wyndham has presented a copy of the franchise agreement between SWI and Dutt Hotel. (ECF No. 11-1.) Under the terms of that agreement—an agreement to which neither Wyndham nor Plaintiffs were a party—SWI and Dutt Hotel agreed that Dutt Hotel would be an "independent contractor," and that Dutt Hotel would "exercise full and complete control

over and have full responsibility for [its] contracts, daily operations, labor relations, employment practices and policies, including, but not limited to, the recruitment, selection, hiring, disciplining, firing, compensation, work rules and schedules of [its] employees." (*Id.* § 16.1.)

In response, Plaintiffs offer firm and direct allegations. They conclusively allege that they were hired "by and through businesses owned and operated by the Defendant's [*sic*] collectively," and that "there was the reasonable expectation of an employer/employee relationship implied by the Defendants BrahmBhatt [*sic*] and Wyndham collectively." (Pl.'s Br. Opp. Mot. Summ. J., at 2 [ECF No. 18].) They allege that Wyndham is mentioned by name in the subject franchise agreement, indicating a "Unity of Interests such that would pierce the Corporate Veil." (*Id.*)

But Plaintiffs have not offered any evidence to establish a genuine issue of material fact that they were in an employer/employee relationship with Wyndham. It is well-settled that a party may not rely on self-serving allegations to defeat summary judgment. *See Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992). "Self-serving statements in affidavits without factual support in the record carry no weight on summary judgment." *Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 925 (7th Cir. 2004) (emphasis omitted). Therefore, Plaintiffs' allegation that Wyndham was their employer is insufficient to create a dispute of material fact.

At the summary judgment stage, the question for the court is not whether the plaintiffs have stated a claim; the question is "whether the evidence, taken in the light most favorable to the nonmoving party, 'presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Coward v. Clarke*,

No. 7:20cv00702, 2022 WL 1018407, at *6 (W.D. Va. Apr. 5, 2022) (quoting *McAirlaids, Inc. v. Kimberly-Clark Corp.*, 756 F.3d 307, 310 (4th Cir. 2014)). Here, Plaintiffs have not presented *any* evidence in support of their claim that Wyndham was their employer.

And even if they contend that Wyndham was a joint employer with all the other defendants, that claim fails for lack of any evidentiary support as well. While it is certainly true that, at least in some contexts, "[s]eparate persons or entities that share control over an individual worker may be deemed joint employers," *Hardy v. Lewis Gale Med. Ctr., LLC*, 377 F. Supp. 3d 596, 616 (W.D. Va. 2019), the *facts* must establish that allegation. Plaintiffs have not offered any facts to show that Wyndham was their employer, and the references to the "Wyndham Rewards Program" in the franchise agreement (to which Plaintiffs were not a party) is insufficient to create a dispute of material fact. Because Plaintiffs have failed to put forth any evidence that Wyndham was their employer (or joint employer), claims of discrimination under Title VII, violation of the FLSA, and violations of the Virginia Wage Payment Act must fail. *See Bender v. Suburban Hosp.*, 998 F. Supp. 631, 634 (D. Md. 1998) ("It is axiomatic that a plaintiff must allege the existence of an employment relationship in order to state a Title VII claim. By definition, an employment relationship involves an employer and an employee."); *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 83 (4th Cir. 2016) ("FLSA conditions liability on the existence of an employer-employee relationship, and the employee bears the burden of alleging and proving the existence of that relationship."); *Gerald v. Diversified Prot. Corp.*, No. 1:18-cv-1154, 2019 WL 2601337, at *5 (E.D. Va. June 25, 2019) (noting that the Virginia Wage Payment Act "prohibits an *employer* from withholding any part

of an employee's wages, except for taxes, without the employee's permission" (emphasis added)).

As to their claims that Wyndham unlawfully evicted them under the Virginia Residential Landlord & Tenant Act ("VRLTA"), Va. Code Ann. § 55.1-1200 *et seq.*, Plaintiffs have failed to allege, let alone establish a genuine issue of material fact, that Wyndham was their landlord, and thus subject to the VRLTA. Under that statute, a "landlord" is defined as "the owner, lessor, or sublessor of the dwelling unit or the building of which such dwelling unit is a part." Va. Code Ann. § 55.1-1200 (2021). Plaintiffs have offered no evidence whatsoever to show that Wyndham was their landlord or, even if it was, that Wyndham evicted them; they allege they were evicted (verbally and via text message), but they have not established, for purposes of summary judgment,(or even alleged)*who* did the evicting. Under Rule 56, this failure of proof is fatal at this stage of the proceedings.

Finally, insofar as Plaintiffs allege that Wyndham breached duties of "Oversight, Accountability and Compliance to assure that their Assets were properly run and maintaining Lawful Hiring Practices compliant with State and Federal Laws" (*see* Third Am. Compl. ¶ 30), their pleadings indicate the futility of the claim. They assert that, "as The Franchisor," Wyndham had these duties. But based on the franchise agreement signed with Dutt Hotel, to the extent the Franchisor—be it SWI or Wyndham[2]—owed those duties, it owed them to Dutt Hotel as Franchisee, not Plaintiffs, who were not a party to this contract.

---

[2] Plaintiffs routinely mistake SWI for Wyndham. They are separate legal entities. Plaintiffs argue that the court should "pierce the corporate veil" between SWI and Wyndham to find Wyndham liable but, as discussed herein, even if that were a viable theory for Plaintiffs to pursue (and it is not), it would not matter. Plaintiffs' failure to offer any evidence in support of their claims is fatal to their causes of action against Wyndham.

Generally speaking, only the parties to a contract may sue for breach of that contract. *See, e.g.*, *Mulugeta v. Ademachew*, 407 F. Supp. 3d 569, 590 (E.D. Va. 2019) (noting that the first element of a breach of contract action in Virginia is "a legally enforceable obligation of a defendant to a plaintiff"). But "a party may sue to enforce the terms of a contract even though he is not a party to the contract" where the third party "show[s] that the contracting parties clearly and definitely intended that the contract confer a benefit upon him." *Env't Staffing Acquisition Corp. v. B & R Constr. Mgmt., Inc.*, 725 S.E.2d 550, 553–54 (Va. 2012) (cleaned up);. Plaintiffs have not offered any evidence to show—and the franchise agreement does not suggest—that they were intended beneficiaries of the agreement between SWI and Dutt Hotel. Accordingly, even if SWI (or Wyndham) did breach its contractual obligations under the Franchise Agreement, Plaintiffs cannot sue it for doing so.

For all these reasons, Plaintiffs have failed to raise a genuine issue of material fact related to their claims against Wyndham. Absent evidence of any wrongdoing by Wyndham, it is entitled to summary judgment on Plaintiffs' claims.

## IV.

Wyndham's motion for summary judgment will be granted. Because it is no longer a party to this case, its motion to continue (ECF No. 32) will be denied as moot.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to the parties.

**ENTERED** this 20th day of May, 2022.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE