CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JAN 10 2023
LAURA A. AUSTIN, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| PATRICK & SHIRLEY LATTIMORE, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 4:21cv00038 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SONAL BRAHMBHATT, *et al.*, | ) | By: Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

This dispute—long gestating on the court's docket—dates back to a business relationship that soured, ending in Plaintiffs Patrick & Shirley Lattimore's termination from their positions at The Raceway Inn Motel in Martinsville, Virginia. Plaintiffs contend they were fired unjustly and otherwise discriminated against. They also allege that the new owner of the hotel filed false charges against Patrick Lattimore, and that BB&T and the new owner conspired to withhold pay and unlawfully withdraw money from Plaintiffs' bank accounts. After several iterations of a complaint, the operative pleading is Plaintiffs' third amended complaint (ECF No. 27). The case is presently before the court on Plaintiffs' motion for summary judgment. (ECF No. 47.) Because Plaintiffs have failed to meet the high bar to warrant summary judgment in their favor, their motion will be denied.

I. **STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**

The court has recounted Plaintiffs' allegations in this case in prior opinions (*see, e.g.*, ECF Nos. 38, 109), and they need not be repeated in great detail here. In sum, Plaintiffs allege that they were unlawfully terminated from their positions on the basis of their race and age, that Sonal and Kamlesh Brahmbhatt unlawfully evicted them from their apartment at the

hotel, that the Brahmbhatts withheld salary and bonus money that was rightfully due to them, that the Brahmbhatts falsified criminal charges against Patrick Lattimore, and that BB&T unlawfully transferred money out of their personal checking account at the Dhyanni Corporation's direction. (*See generally* Third Am. Compl. [ECF No. 27].) They also alleged that Wyndham Hotels and Resorts violated the terms of its franchise agreement with the Brahmbhatts by failing to oversee their management of The Raceway Inn Motel and to ensure proper training and inspections. (*See id.* ¶¶ 31–33.)

Plaintiffs brought suit against the Brahmbhatts, the Dhyanni Corporation, and Wyndham Hotels & Resorts in state court, and the case was subsequently removed to this court. The court granted Wyndham Hotels' motion for summary judgment; shortly thereafter, Plaintiffs filed the present motion for summary judgment. (ECF No. 47.) Although BB&T was named as a defendant in the third amended complaint, Plaintiffs had not served it prior to moving for summary judgment. (*Compare* ECF No. 47 [Plaintiffs' motion for summary judgment, filed on June 16, 2022], *with* ECF No. 64 [Plaintiffs' motion for extension of time to serve BB&T, filed on August 3, 2022].) All told, Plaintiffs sought to amend their complaint at least four times (and at least twice after filing the present motion); two of those attempts were denied by the court because they violated this court's prior rulings and the Federal Rules of Civil Procedure. (*See* ECF Nos. 85, 110).

After Plaintiffs filed the present motion, the Brahmbhatts and the Dhyanni Corporation failed to respond.[1] The court issued an order directing those defendants to show

---

[1] The Brahmbhatts and the Dhyanni Corporation were the only parties to whom the present motion could be directed because Plaintiffs had note served BB&T at the time they filed the motion, and thus BB&T was not properly before the court.

cause why summary judgment should not be entered against them, citing the court's pretrial order establishing the requirements for opposing any motion. (ECF No. 75.) Those parties responded, and the court granted them the opportunity to file a response in opposition to Plaintiffs' motion. (ECF Nos. 76, 85.) Because the matter has been fully briefed, it is ripe for disposition.[2]

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(a), the court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Glynn v. EDO Corp.*, 710 F.3d 209, 213 (4th Cir. 2013). When making this determination, the court should consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . [any] affidavits" filed by the parties. *Celotex*, 477 U.S. at 322. Whether a fact is material depends on the relevant substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* (citation omitted). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets that burden, the nonmoving party must then come forward and establish the specific material facts

---

[2] Because oral argument would not have benefitted the court in resolving the present motion, the court will decide the motion on the pleadings.

in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

In determining whether a genuine issue of material fact exists, the court views the facts and draws all reasonable inferences in the light most favorable to the nonmoving party. *Glynn*, 710 F.3d at 213 (citing *Bonds v. Leavitt*, 629 F.3d 369, 380 (4th Cir. 2011)). Indeed, "[i]t is an 'axiom that in ruling on a motion for summary judgment, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *McAirlaids, Inc. v. Kimberly-Clark Corp.*, 756 F.3d 307, 310 (4th Cir. 2014) (cleaned up) (quoting *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (per curiam)). Moreover, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson*, 477 U.S. at 255. The nonmoving party must, however, "set forth specific facts that go beyond the 'mere existence of a scintilla of evidence.'" *Glynn*, 710 F.3d at 213 (quoting *Anderson*, 477 U.S. at 252). The nonmoving party must show that "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. "In other words, to grant summary judgment the [c]ourt must determine that no reasonable jury could find for the nonmoving party on the evidence before it." *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990) (citing *Anderson*, 477 U.S. at 248). Even when facts are not in dispute, the court cannot grant summary judgment unless there is "no genuine issue as to the inferences to be drawn from" those facts. *World-Wide Rights Ltd. P'ship v. Combe, Inc.*, 955 F.2d 242, 244 (4th Cir. 1992).

### III. ANALYSIS

In their motion for summary judgment, Plaintiffs primarily take aim at Wyndham Hotels & Resorts, an entity that is no longer a party to this action. They also assert, without any evidence, that Wyndham violated the terms of the franchise agreement.

Setting aside that Wyndham is no longer part of this case, the problem with Plaintiffs' argument is apparent. Summary judgment is reserved for instances where there is no dispute over material facts, and where the moving party establishes—*with otherwise admissible evidence*—that he is entitled to judgment as a matter of law. Here, Plaintiffs attempt to short-circuit the requirement that they prove their case with evidence, relying instead on unsupported, conclusory statements of their entitlement to relief. While the court recognizes that Plaintiffs are proceeding *pro se* and are likely unfamiliar with the applicable rules, the court simply cannot grant judgment against parties in the absence of any *proof* of their wrongdoing.

Because Plaintiffs have failed to carry the substantial burden to justify summary judgment as a matter of law against the defendants, their motion will be denied.

### IV. CONCLUSION

For the reasons stated, Plaintiffs' motion for summary judgment will be denied.

The clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 10th day of January, 2023.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE